# IN THE COURT OF APPEALS 12/03/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 93-KA-00946 COA

## CONSOLIDATED WITH

## NO. 93-KA-01020 COA

**DICK PARKER A/K/A WILLIE D. PARKER**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

SOUTHWICK, J., CONCURRING:

I agree with the opinion of the Court on Issues I, II and III, I write separately to voice my disagreement with one of the issues discussed in the majority opinion. That issue deals with whether or not the trial court erred in holding that there was sufficient proof that the offense was committed within 1,500 feet of a school.

Proof was offered in two forms. One was through use of a map by a testifying officer. There is some testimony that the map came from the Bruce City Clerk, but whether it was a public record is never stated. Rule 901(7) allows maps to be introduced into evidence as proof of what is on them, if the map is authenticated as a public record. Whether this was a public record or not is academic, since the map was never introduced into evidence and does not appear of record on appeal. Thus the map is not evidence. The opinion of the officer who examined the map is inadmissible, since at best he was

giving opinion testimony as a lay witness. Under Rule of Evidence 701, such testimony is admissible only if based on personal observation. The officer made no personal observations, but merely tried his best to decipher a secondary source, the unadmitted map. Neither Rule 901 nor Rule 701 is a basis to allow that testimony. If a map had been properly authenticated and admitted, it would have been credible evidence. The opposing party could then attempt to dispute its interpretation. None of that happened.

What we are left with is the trial judge's taking judicial notice that the offense had, in fact, taken place within 1,500 feet of the school. As the majority discusses, judicial notice may be taken of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." M.R.E. 201. The facts should in some fashion be subject to review. The majority analogized this situation to that approved in the comment to Rule 201, namely, that judicial notice could be taken that a local department store was on a particular street. I disagree. The comment example is quintessentially a matter "generally known within the territorial jurisdiction" and "capable of accurate and ready determination."

What has been judicially noticed here is an "eyeball measurement." Perceptions of distance or weight or other measurements are inherently inexact. Lay opinion as to eyeball measurements are at least subject to cross-examination. The perceiver's powers of observation and even memory are immediately called into question, a question that cannot be answered from a cold appellate record. I will take judicial notice that different and equally honest eyewitnesses to a crime may describe a suspect with widely varying estimates of height and weight. Quite confident providers of directions can describe the distance to a desired destination or landmark along the way as being a mile, when in fact it is two, or vice versa.

Although I would always find rough estimates of distance to be inherently unreliable, I will acknowledge that some distances are so obvious as to be subject to judicial notice. That would occur only if there were benchmarks for our review. In other words, Rule 201 permits judicial notice when there is some context for the opinion that permits its accuracy to be determined. For example, were there evidence in the record that the site of the sale and the school were directly across the street from each other, I would accept judicial notice that city streets are considerably less than 1500 feet wide. No such evidence appears here. Instead, all we have is one person's opinion, no different than lay opinion testimony even if by a judge. Under Rule 201 this distance is not a matter that we can hold on this record was either generally known or subject to accurate and ready determination from reliable sources.

Although I am not in agreement with the majority's analysis of judicial notice, the analysis does not affect the sentencing of Parker in this case. Parker was sentenced to thirty years imprisonment. For sale of cocaine, Parker could be sentenced to a maximum of thirty years imprisonment. Miss. Code Ann. § 41-29-139(b)(1) (1972). However, since Parker was a habitual offender, he had to be sentenced to the maximum, and in addition the sentence was to be without probation or parole. *Id.* § 99-19-81. That is exactly the sentence he received. The case does not have to be sent back for resentencing. Consequently, I concur in the result.

**FRAISER, C.J., COLEMAN, AND MCMILLIN, JJ., JOIN THIS SEPARATE OPINION.**